**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DWIGHT HENDERSON and SANDRA FLETCHER, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | CLASS ACTION COMPLAINT |
| | ) | |
| MDT PERSONNEL, LLC, | ) | |
| | ) | (Jury Trial Demanded) |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Dwight Henderson and Sandra Fletcher, on behalf of themselves and all others similarly situated, complain against MDT Personnel, LLC, as follows:

**Introduction**

1.     Dwight Henderson ("Henderson") and Sandra Fletcher ("Fletcher") bring this class action for monetary damages and other relief on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), were violated by Defendant, MDT Personnel, LLC ("MDT Personnel"), on or after April 22, 2009.  MDT Personnel took adverse action against Henderson and Fletcher based on consumer reports procured for employment purposes without first providing either Henderson or Fletcher: (a) a pre-adverse action disclosure that included a copy of Henderson's or Fletcher's consumer report, (b) a description in writing of Henderson's or Fletcher's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

## Parties

2.      Henderson is a resident of the Northern District of Illinois and Cook County.  He is a consumer as that term is defined by FCRA.  15 U.S.C. § 1681a(c).

3.      Fletcher is a resident of the Northern District of Illinois and Cook County.  She is a consumer as that term is defined by FCRA.  15 U.S.C. § 1681a(c).

4.      Defendant MDT Personnel, a Pennsylvania LLC headquartered in Florida, is a nationwide temporary staffing agency with offices in over 100 cities around the country.  At all relevant times, MDT Personnel has been a "person" within the meaning of the Fair Credit Reporting Act.  15 U.S.C. § 1681a(b).

## Jurisdiction and Venue

5.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## Factual Allegations

### Dwight Henderson

7.      In February 2011, Henderson applied for employment at MDT Personnel's Franklin Park, Illinois office.

8.      In March 2011, MDT Personnel procured a consumer report about Henderson for employment purposes.

9.      MDT Personnel procured a consumer report about Henderson from a consumer reporting agency named InfoMart to evaluate whether Henderson's criminal record prevented

him from working for MDT Personnel. The InfoMart consumer report revealed criminal record information about Henderson.

10.     In March 2011, MDT Personnel took adverse action against Henderson based in whole or in part on the consumer report that it procured from InfoMart.

11.     In March 2011, MDT Personnel informed Henderson that he was not eligible to work for MDT Personnel because of information contained in his InfoMart consumer report.

12.     Before MDT Personnel took adverse action against Henderson, it did not provide him a copy of the InfoMart consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the InfoMart consumer report.

13.      By taking adverse action against Henderson based on a consumer report without first providing him a copy of the consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, MDT Personnel acted in reckless disregard of Henderson's FCRA rights.

**<u>Sandra Fletcher</u>**

14.     In February 2011, Fletcher applied for employment at MDT Personnel's Franklin Park, Illinois office.

15.     In February 2011, MDT Personnel procured a consumer report about Fletcher for employment purposes.

16.     MDT Personnel procured a consumer report about Fletcher from a consumer reporting agency named InfoMart to evaluate whether Fletcher's criminal record prevented her from working for MDT Personnel. The InfoMart consumer report revealed criminal record information about Fletcher.

3

17.     In February or March 2011, MDT Personnel took adverse action against Fletcher based in whole or in part on the consumer report that it procured from InfoMart.

18.     In March 2011, MDT Personnel informed Fletcher that she was not eligible to work for MDT Personnel because of information contained in her InfoMart consumer report.

19.     Before MDT Personnel took adverse action against Fletcher, it did not provide her a copy of the InfoMart consumer report, a description in writing of her rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the InfoMart consumer report.

20.     By taking adverse action against Fletcher based on a consumer report without first providing her a copy of the consumer report, a description in writing of her rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, MDT Personnel acted in reckless disregard of Fletcher's FCRA rights.

### Fair Credit Reporting Act Requirements

21.     Under the FCRA, before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer: (a) a pre-adverse action disclosure which includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

22.     Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report.  15 U.S.C. § 1681a(d).  Pursuant to the FCRA, an "adverse action" includes "a denial of employment or any other decision for

4

employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

23. On information and belief, MDT Personnel has a nationwide policy and practice of requesting that InfoMart and other consumer reporting agencies provide it with consumer reports for employment purposes and of taking adverse employment action based on information contained in those consumer reports without first providing consumers: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

## Class Action Allegations

24. Henderson and Fletcher bring this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other individuals who, on or after April 22, 2009, suffered adverse action based in whole or in part on information contained in consumer reports that MDT Personnel obtained for employment purposes.

25. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

26. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

      a. whether MDT Personnel failed to provide class members with a pre-adverse action disclosure containing a copy of the employee's consumer report which MDT Personnel obtained from the consumer reporting

agency and a description in writing of the employee's rights under the FCRA;

b.     whether MDT Personnel failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

c.     whether MDT Personnel's actions as described above constitute violations of the FCRA;

d.     whether MDT Personnel's actions were willful; and

e.     whether MDT Personnel engaged in a nationwide policy or practice of taking adverse action against consumers based on consumer reports without first providing class members with a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of the consumer's rights under the FCRA.

27.     Henderson and Fletcher will fairly and adequately protect the interests of all class members. Henderson and Fletcher are members of the class, and their claims are typical of the claims of all class members. Their interests in obtaining monetary relief for MDT Personnel's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Henderson and Fletcher have retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

a.     avoid the heavy burden of multiple, duplicative suits;

b.     avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

c.     allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

d.     allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

**<ins>Count One – MDT Personnel's FCRA violations</ins>**

6

29.     Plaintiffs reallege and incorporate by reference paragraphs 1-28 of this Complaint as if fully set forth herein.

30.     MDT Personnel willfully failed to provide Henderson, Fletcher, and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action disclosure containing a copy of the their consumer report; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

31.     MDT Personnel's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Henderson, Fletcher, and members of the plaintiff class for which damages MDT Personnel is liable under 15 U.S.C. § 1681n.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and the class they seek to represent, that this Court:

A.     Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate Henderson and Fletcher representatives of the class and their counsel of record as class counsel;

B.     Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a copy of their consumer report before taking adverse action against them based in whole or in part on consumer reports.

C.     Award statutory and punitive damages against Defendant to Plaintiffs and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's

failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D.      Award Plaintiffs and members of the plaintiff class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

E.      Award Plaintiffs and members of the plaintiff class their costs pursuant to 28 U.S.C. § 1920; and

F.      Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers
Juliet V. Berger-White
Christopher J.  Wilmes
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100