# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-2693 | **DATE** | 8/1/11 |
| **CASE TITLE** | Henderson et al. v. MDT Personnel, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss for Lack of Standing [12] is denied. See statement below.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiffs Dwight Henderson and Sandra Fletcher filed this putative class action on April 22, 2011. Plaintiffs allege that they applied for employment with Defendant MDT Personnel, LLC ("MDT"), a temporary-staffing agency, that MDT procured consumer credit reports on them from an outside agency, and that MDT informed Plaintiffs they were not eligible for employment based on the reports' indications that Plaintiffs had criminal records. Plaintiffs allege that MDT violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), by failing to provide Plaintiffs with copies of their respective consumer reports and a description in writing of Plaintiffs' rights under the FCRA or an opportunity to dispute the accuracy of the information in those reports.

    On May 16, 2011, MDT filed a Motion to Dismiss for Lack of Standing. MDT asserts that, on May 10, 2011, MDT offered to settle Plaintiffs' claims for the maximum possible relief Plaintiffs could recover by statute, thereby rendering Plaintiffs' claims moot. (Through their attorney, Plaintiffs rejected the offer on May 12, 2011.)

    Plaintiffs argue that their claims are not moot because MDT's proposed settlement would afford them less-than-complete relief under the statute. Among other things, Plaintiffs argue that MDT's offer is insufficient with regard to Plaintiffs' claim for punitive damages.

    Section 1681n of Title 15 provides:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
>
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less that $100 and not more than $1,000; . . .
>
> (2) such amount of punitive damages as the court may allow ; and

## STATEMENT

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

MDT offered to pay each Plaintiff "the greater of either their actual damages or $1,000 to resolve all claims asserted in the Lawsuit . . . . [and] the sum of $3,000 or such amount as the parties may stipulate to, or any amount which the Court determines should be awarded, as punitive damages provided the award is consistent with constitutional protections." MDT also offered to pay recoverable costs and reasonable attorney's fees.

Plaintiffs assert that they are demanding "substantially more than $3,000 apiece in punitive damages" and that they have an absolute right to submit their claim for punitive damages to a jury. (Pl. Resp. 9-10.) Although the cases Plaintiffs cite address situations in which such claims were submitted to a jury, none hold that Plaintiffs have an absolute right to let a jury decide what, if any, punitive damages should be awarded for FCRA violations. Indeed, the relevant statute provides that Plaintiffs may be entitled to such amount of punitive damages *as the court may allow.*" 15 U.S.C. § 1681n(a)(2) (emphasis added).

At this early stage in litigation, however, the Court lacks the information to determine what, if any, punitive damages would be appropriate. This issue was discussed in an opinion issued by the United States District Court for the Middle District of Tennessee in *Beaudry v. Telecheck Services, Inc.*, No. 3:07-CV-0842, 2010 WL 2901781 (M.D. Tenn. July 20, 2010). The plaintiff in that case filed a motion for class certification in an FCRA case. *Id.* at *1. She acknowledged that her motion was factually unsupported and premature but nonetheless filed it as a "defensive" measure to avoid having the defendant pick her off with a settlement offer. *Id.* The court denied the motion without prejudice. *Id.* at *5. In doing so, the court contrasted the plaintiff's FCRA claim with cases brought under the Fair Debt Collection Practices Act, for which punitive damages are not available. *Id.* at *3-4. The court reasoned that the plaintiff's claim for punitive damages prevented the defendant from being able to offer her complete relief that would moot her claims:

> At this point, the court and the parties cannot say what, if any, the full measure of those [punitive] damages might eventually be. Thus, practically speaking, the defendants cannot unilaterally make an offer of judgment that moots the plaintiff's claims by giving her "complete relief."

*Id.* at *4. Plaintiffs here similarly assert that it is not possible to determine an appropriate amount of punitive damages without the benefit of discovery.

The Court agrees. Plaintiffs have alleged a right to punitive damages, which has not been refuted. MDT has not challenged the merits of Plaintiffs' claims for punitive damages or the sufficiency of their allegations in support of those claims. MDT merely asserts that its offer of $3,000 is inherently sufficient based on ratios of punitive damages to compensatory damages in other cases and that MDT's alternative offer to let the Court fix the amount of damages affords Plaintiffs the complete relief to which they are entitled by statute. The amount to which Plaintiffs would ultimately be entitled after a successful trial on the merits cannot be determined at this early stage in the proceedings. Unlike claims for statutory damages, only, a maximum claim for statutory damages *plus punitive damages* cannot be determined at the threshold. Accordingly, MDT's Motion to Dismiss for Lack of Standing is denied.